No. 768          August 12, 2026          211

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

THOMAS HARRY BRAY,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institute,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV53806; A185482

W. D. Cramer, Jr., Senior Judge.

Argued on reconsideration June 3, 2026.

On appellant's petition for reconsideration filed February 18, 2026. Opinion filed January 28, 2026. 346 Or App 743 (2026) (nonprecedential memorandum opinion).

Thomas Bray, *pro se*, argued the petition.

Greg Rios, Assistant Attorney General, argued the response. Also on the response were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Reconsideration allowed; former opinion adhered to.

**AOYAGI, P. J.**

Petitioner seeks reconsideration of our decision in *Bray v. Reyes*, 346 Or App 743 (2026) (nonprecedential memorandum opinion), requesting that we reconsider the appeal with the benefit of oral argument. As explained below, we allow reconsideration and adhere to our original opinion without modification.

This is an appeal from a judgment denying postconviction relief. Petitioner requested oral argument on his appeal, as permitted by ORAP 6.05. Argument was set for December 17, 2025. Petitioner did not appear, and, at the time, we had no information as to the reason for his nonappearance. ORAP 6.10(6)(b) provides, "If a party fails to appear at oral argument, the court may deem the cause submitted without oral argument as to that party. A party's failure to appear shall not preclude oral argument by any other party." In this case, when petitioner did not appear for oral argument on December 17, 2025, counsel for respondent opted not to present argument but did offer to answer any questions. The court asked a procedural question about petitioner's *Napue* claim, which led to a short back and forth on that issue. The court then took the case under submission.

We proceeded to issue a decision on the merits on January 28, 2026. Immediately thereafter, we learned that petitioner had filed a motion to reschedule oral argument. The motion stated on its face that it was mailed on November 29, 2025, but, for reasons unknown, the actual mailing was delayed, with the envelope postmarked January 23, 2026. Petitioner explained in the motion that he had unexpectedly been taken back into custody in late November due to the Oregon Department of Corrections (DOC) recalculating his sentence—*see generally Arellano-Sanchez v. Thrasher*, 374 Or 623, 625-28, 582 P3d 178 (2025) (discussing DOC's recalculation of sentences in response to a 2025 Oregon Supreme Court decision, resulting release of prisoners who were deemed to have completed their sentences, and subsequent second recalculation and reimprisonment of some of those individuals)—and that he had lost his case materials in the process.

We initially denied petitioner's motion to reschedule oral argument, given that a decision on the merits had already issued. Petitioner moved for reconsideration, raising concerns of procedural fairness and asking that his appeal be reconsidered with the benefit of oral argument. The superintendent did not take a position. Given the unusual circumstances, we decided to schedule a hearing on the motion, at which the parties were invited "to present their arguments on the merits of the appeal, as relevant to the panel deciding whether to reconsider its opinion of January 28, 2026," and also "address the procedural posture of the case, as they see fit."

The hearing on the motion for reconsideration took place on June 3, 2026. Petitioner began by explaining that his concerns were procedural in nature and that he did not intend to argue the merits of his appeal. We pointed out that many cases are decided without oral argument and then engaged in a colloquy with petitioner regarding what occurred in court on December 17, 2025. That led petitioner to explain that he had been unable to view the publicly available recording due to his imprisonment and that the information relayed by the court assuaged his procedural concerns. At that point, petitioner changed his mind about not arguing the merits and spent the remainder of his time addressing the merits.

We grant reconsideration for the purpose of reconsidering our decision with the benefit of oral argument.

As described in our original opinion, petitioner claims that his trial counsel provided inadequate and ineffective assistance in three ways and, in his first, second, and fourth assignments of error, assigns error to the denial of relief on those claims. *Bray*, 346 Or App at 744. We explained in our original opinion why we were unpersuaded by petitioner's arguments that the post-conviction court erred. *Id.* at 744-47. On reconsideration, as to those claims, petitioner has not identified any factual error, internal inconsistency, legal error, or the like in our original opinion. *See* ORAP 6.25 (identifying bases for reconsideration). Because we do not discern any error in our analysis, we reaffirm our

original opinion as to the inadequate-and-ineffective-assistance claims.

In his third assignment of error, petitioner argues that the post-conviction court wrongly failed to apply the *Napue*[1] standard to two of his claims. *See Bray*, 346 Or App at 747 (describing third assignment of error, including petitioner's argument and the superintendent's response). We rejected that argument in our original opinion, reasoning that a *Napue* claim must be pleaded in the petition for post-conviction relief to be considered as a basis for relief, that petitioner's operative petition did not contain a *Napue* claim, and that the post-conviction court therefore did not err by not addressing any *Napue* claim. *Id.* at 747-48. On reconsideration, petitioner has not identified any factual error, internal inconsistency, legal error, or the like in our original opinion, nor do we discern any error in our analysis. *See* ORAP 6.25 (identifying bases for reconsideration). As for petitioner's request at oral argument for clarification regarding the procedure for asserting a *Napue* claim, we reaffirm and reiterate what we said in our original opinion: A *Napue* claim is distinct and different from a claim of inadequate or ineffective assistance of counsel, it must be raised in the petition for post-conviction relief, and the operative petition at the time of the post-conviction hearing controls and supersedes any previously filed petitions. *Bray*, 346 Or App at 748.

In sum, given the unusual procedural posture of this case, we have allowed reconsideration so that we may consider the issues raised on appeal with the benefit of oral argument. Having done so, we reaffirm our original opinion, because oral argument has not brought to our attention any error in our legal analysis.

Reconsideration allowed; former opinion adhered to.

---

[1] *Napue v. Illinois*, 360 US 264, 269, 79 S Ct 1173, 3 L Ed 2d 1217 (1959).